FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   JUN 27 2005   ★
TIME A.M. _____  P.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                v.

THOMAS LEE

           Defendant.
-------------------------------------------------------X

MEMORANDUM & ORDER

05-CR-0060 (NGG)

GARAUFIS, United States District Judge.

    The government has moved for an order of permanent detention as to defendant Thomas Lee, who is charged in superseding indictment S-2 with racketeering and racketeering conspiracy, supported by predicate act allegations of murder conspiracy and obstruction of justice, and with substantive counts of conspiracy to murder in aid of racketeering and obstruction. Under the terms of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq, I am permitted to order a defendant detained pending trial only if I find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Here, the government does not contend that Lee presents a risk of flight. As such, my analysis is limited to whether the government has demonstrated by clear and convincing evidence that, based on the nature and circumstances of the charged offenses, the weight of the evidence against Lee, Lee's own history and personal characteristics, and the nature of the danger that would be posed to the community by Lee's release, Lee must be detained pending trial. See 18 U.S.C. §§ 3142(f) and (g).

    Here, the government has made a substantial proffer of evidence in support of its allegation that Lee abused his position as an attorney and an officer of the court to pass messages

between Joseph Massino and Vincent Basciano concerning the on-going business of the Bonnano organized crime family, including a request for permission to commit murder. The government has also presented substantial evidence that Lee obstructed justice by intentionally misleading this court on two separate occasions about the nature and extent of his contacts with Massino. These are exceptionally serious charges, and the government contends that both the murder conspiracy charges and the obstruction charges are independently sufficient under the Bail Reform Act and the governing caselaw to support Lee's detention pending trial. See 18 U.S.C. § 3142(f)(1)(A) (permitting detention of individuals charged with crimes of violence); 18 U.S.C. § 3142(f)(2)(B) (permitting detention of individuals where there is "a serious risk that such person will obstruct or attempt to obstruct justice"); United States v. LaFontaine, 210 F.3d 125, 134 (2d Cir. 2000) (describing obstruction of justice as "a traditional ground for pretrial detention by the courts").

In my view, this is an extremely close call. I have no doubt that conspiracy to murder and obstruction of justice are sufficiently serious crimes to warrant the pretrial detention of defendants charged with either crime. However, the Bail Reform Act requires me to look beyond the titles of the charged crimes and the strength of the evidence of those crimes in reaching a detention decision, and to consider as well the circumstances under which those crimes allegedly were committed.

Here, the crimes with which Lee has been charged were inextricably linked to his status as an attorney and to the privileges afforded him by the government and this court because of that status. Lee's status as an attorney gave him unmonitored access to prisoners and detainees at area federal detention facilities; the government alleges that he used this access to pass messages

2

between Vincent Basciano and Joseph Massino while Massino was incarcerated at MDC-Brooklyn and subjected to conditions that were intended to restrict Massino's communications with members and associates of organized crime. Lee's status as an attorney also gave him the right to stand before this court and make representations about his relationships to certain defendants, including Massino, charged with committing serious crimes in this District; the government alleges that Lee abused this privilege to mislead the court about the true nature of these relationships.

In other words, all of the allegations against Lee contain a common element: Lee's abuse of the privileged and protected access to members and associates of organized crime, and to the courts, conferred by virtue of his status as an attorney. The government has not presented any evidence suggesting that Lee has been involved in criminal activity in any other way. In fact, other than the instant charges, the only blemish on Lee's record is a misdemeanor assault that occurred almost twenty (20) years ago.

Therefore, it is my carefully considered decision that the safety of the community can be ensured by the following conditions, which are intended to eliminate Lee's access to those associated with organized crime and to strip Lee of the privileges extended to members of the legal profession until such time as the charges against him have been resolved. These conditions are the following:

- $2 million bond (cash and real property) from designated sources which are acceptable to the government.
- A minimum of 6 suretors shall co-sign the bond.
- Permanent home detention at Lee's residence in Pelham, NY. Lee's presence at that

residence shall be secured by electronic monitoring, and Lee may leave the premises only with the prior permission of Pre-Trial Services and upon prior notification to the government, except in the case of a medical emergency. Lee shall bear all costs associated with electronic monitoring. Lee shall also consent to searches that will be conducted at random by Pre-Trial Services to ensure Lee's compliance with the terms of this Order.

- Lee shall consent to the monitoring of all phone conversations going in or out of the house. All telephone callers must be on a list pre-approved by the government and Pre-Trial Services.
- No cellular phone shall be present in Lee's home at any time.
- Visitors, including non-resident family members, shall be permitted to enter Lee's residence only with the consent of the government and five days prior notice to both Pre-Trial Services and the government. Lee shall further provide, at his own expense, a security guard employed by a firm approved by the government who shall be present whenever a visitor is scheduled to arrive. The security guard shall authenticate the identity of the visitor and search the visitor's person and belongings for cellular phones and other materials prohibited by this Order.
- Lee shall have no contact with any person associated in any way with organized crime.
- Lee shall suspend his practice of law pending the resolution of the charges against him in this indictment.

As noted above, this was an extremely close call. Therefore, Lee is hereby placed on notice that this court will be strongly inclined to revoke his bail and remand him to custody

4

pending trial if he fails to adhere to the letter and spirit of these restrictions at any time, or if the government provides further evidence of illegal activity committed by the defendant

SO ORDERED.

Dated: June 27, 2005
      Brooklyn, N.Y.

/s/ HON. NICHOLAS GARAUFIS
Nicholas G. Garaufis
United States District Judge